UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL L. WATTS, AKA ERIC WATTS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN USP - COLEMAN II,<br><br>Respondent. | NO. CV 15-182-JLS (AGR)<br><br>ORDER ACCEPTING FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition ("Petition"), records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the magistrate judge.

Petitioner filed a Petition for Writ of Habeas Corpus by a Person in Federal Custody challenging his 1993 conviction under § 2255's savings clause. The magistrate judge found that Petitioner had not met either prong of the savings clause. (Report at 5.)

The gravamen of Petitioner's objections is that the magistrate judge

misconstrued his petition and that in fact he was alleging that due to a "clerical error" in the presentence report he was being unlawfully detained by the Bureau of Prisons in violation of his constitutional rights. (Objections at 3 (citing Doc. 1).[1]) Petitioner appears to be arguing that his detention based on his conviction would not have occurred had he not been brought into custody on a warrant that was subsequently dismissed and that this information was "omitted" from the presentence report. (*See, e.g.,* Objection at 3, 4-5; Report at 5.)

Petitioner's "claim" borders on the frivolous. The Court takes judicial notice of *Watts v. Warden, FCC Coleman - USP II*, Case No. CV 5:13-182-VMC-PRL (M.D. Fla.) ("*Florida Petition*"). On April 15, 2013, Petitioner filed a § 2241 habeas petition. Similar to the petition here, Petitioner alleged he had a "liberty interest" and that his constitutional rights were being violated because of his "life of 'forced servitude' 'without an arrest warrant' by the government." (*Compare* Petition, Memorandum at 1 *with Florida Petition*, Dkt. No. 1 at 5.) On April 3, 2014, the Florida district judge dismissed the petition and entered judgment. *Florida Petition*, Dkt. Nos. 56-57. More specifically, the court stated that after being sentenced in 1993, Petitioner had filed

> at least three motions to vacate his sentence pursuant to 28 U.S.C. § 2255, which were denied. Petitioner then filed multiple section 2241 petitions in the Eastern District of Texas. Further, Petitioner made repeated attempts to obtain permission to file successive section 2255 petitions, which were also unsuccessful. In May 2011, while incarcerated at FCC Coleman, Petitioner filed a section 2241 petition in this Court alleging the same procedural violations involving the grand jury and the indictment as he had previously raised in his application to file a successive section 2255 motion.

---

[1] It is unclear what Petitioner means by "Doc. 1" as he cites it in different contexts in the Objections. In any event, it is immaterial to the disposition of this case.

[citation omitted]

 On May 24, 2011, the Court dismissed the petition pursuant to Habeas Rule 4 as successive and frivolous.  Petitioner then filed another petition pursuant to section 2241 in this Court challenging the legality of his conviction on identical procedural grounds. [citation omitted]  The Court dismissed the petition because Petitioner failed to show that section 2255 was inadequate or ineffective to test the legality of his detention and his filings constituted an abuse of writ.

*Id.*, Dkt. No. 56 at 1-2.

 With respect to the 2013 petition before it, the court found that Petitioner "has not shown that he is entitled to relief under the 'savings clause.' * * * Petitioner has not demonstrated that he is actually innocent or otherwise entitled to bypass the impediment of the procedural bar." *Id.* at 4.

 After multiple post-judgment motions, on August 11, 2014, Petitioner filed a notice of appeal. *Florida Petition*, Dkt. No. 82.  On November 19, 2014, the Eleventh Circuit denied Petitioner's motion "for leave to proceed *in forma pauperis* . . . because the appeal is frivolous." *Id.*, Dkt. No. 87 at 1.  On December 11, 2014, the Eleventh Circuit dismissed the appeal because Petitioner had paid the filing fee. *Id.*, Dkt. No. 88.

 Petitioner's remaining objections have no merit.

 IT IS ORDERED that judgment be entered denying the Petition and dismissing the action without prejudice.

DATED: May 10, 2015

            JOSEPHINE L. STATON
            United States District Judge

3